# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. MOORE, surviving spouse and beneficiary of TYNAN MOORE,<br><br>        **Plaintiff.**<br><br>v.<br><br>RECO EQUIPMENT INC EMPLOYEE WELFARE BENEFIT PLAN; and RELIANCE STANDARD LIFE INSURANCECOMPANY,<br><br>        **Defendants.** | Civil Action No. _____<br><br>**COMPLAINT IN CIVIL ACTION**<br><br><br>**FILED ON BEHALF OF PLAINTIFF:**<br>Linda L. Moore<br><br>**COUNSEL OF RECORD FOR THIS PARTY:**<br>John W. McTiernan, Esquire<br>PA I.D. No. 27702<br>jmctiernan@cbmclaw.com<br><br>**CAROSELLI BEACHLER McTIERNAN & COLEMAN LLC**<br><br>20 Stanwix Street, 7th Floor, PNC CENTER<br>Pittsburgh, PA  15222<br>412-391-9860 phone<br>412-391-7453 fax<br><br>**JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA L. MOORE, surviving spouse and beneficiary of TYNAN MOORE, | : : : | |
| Plaintiff, | : : | |
| v. | : : | No. |
| RECO EQUIPMENT INC EMPLOYEE WELFARE BENEFIT PLAN; and RELIANCE STANDARD LIFE INSURANCE COMPANY, | : : : : : | |
| Defendant. | : | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Linda L. Moore, on her own behalf and as the surviving spouse and beneficiary of Tynan Moore, her husband, by and through her attorneys Caroselli Beachler McTiernan & Coleman, LLC, and John W. McTiernan, Esquire, and files the following Complaint in Civil Action:

1. Plaintiff, Linda L. Moore, an adult individual, who formerly resided at 1000 Creekview Circle, Cranberry Township, Butler County, Pennsylvania 16066. Plaintiff's current address is 2349 Railroad Street, Apartment 1602, Pittsburgh, Allegheny County, Pennsylvania 15222.

2. Defendant Reco Equipment Inc Employee Welfare Benefit Plan ("Plan") is a plan established and/or maintained by Reco Equipment Inc. to provide health and welfare benefits to participants and their beneficiaries, including but not limited to Plaintiff, Linda L. Moore. The Plan's address is 41245 Reco Road, Belmont, Ohio 43713.

3. Defendant Reliance Standard Life Insurance Company ("Reliance") is an Illinois corporation licensed to sell insurance in Pennsylvania with a business address of 2001 Market Street, Suite 1500, Philadelphia, Philadelphia County, Pennsylvania 19103. At all times relevant, Reliance was the claims administrator for the plan at issue in this case.

## JURISDICTION AND VENUE

4. This is an action for equitable and legal relief brought under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.*

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332.

6. Venue is proper in this district because this is where the breach occurred.

## FACTS

7. Plaintiff and Tynan Moore ("Decedent") were legally married on August 14, 1999. They remained legally married at all times relevant to this matter.

8. Tynan Moore was employed, beginning in March, 2014, by Reco Equipment, Inc. as a heavy equipment salesman.

9. At all relevant times, Plaintiff was the beneficiary of a group accident policy issued to Decedent's employer, Reco Equipment Company, Inc. ("Policy") and under which Decedent was an insured.

10. The Policy identified with group policy number VAR 051132 was in full force and effect on or about December 9, 2014. A true and correct copy of the Policy is attached as Exhibit A.

11. On or about December 9, 2014, Decedent was found deceased in his bed at 201 Wayne Avenue, Zelienople, Butler County, Pennsylvania.

12. The Zelienople Borough Police Department was called to investigate the death of Tynan Moore. As part of their investigation, they found no note or indication that, "this was intentional". The Incident Report is attached hereto and marked as Exhibit B.

13. An autopsy of Decedent's body was performed on or about December 9, 2014, and his death was determined to be "accidental" due to acute alcohol intoxication. (Exhibit C, Coroner's Report dated 12/9/14).

14. On or about January 2, 2015, a Certificate of Death was issued by the Commonwealth of Pennsylvania which listed Decedent's cause of death as "acute alcohol intoxication". (Exhibit D, Certificate of Death).

15. On or about January 21, 2015, Plaintiff submitted a Proof of Loss Statement to Defendant Reliance, requesting payment of accidental death benefits under the Policy.

16. On or about April 23, 2015, Defendant Reliance denied the claim due to exclusions under the policy. A true and correct copy of Reliance's denial is attached hereto as Exhibit E. The letter, which speaks for itself, denies Plaintiff's claim on the basis that Decedent's death was contributed to by alcoholism.

17. The policy provides:

### ACCIDENTAL DEATH AND DISMEMBERMENT BENEFIT

### DESCRIPTION OF COVERAGE

**LOSS OF LIFE, LIMB, SIGHT, SPEECH OR HEARING:** If, due to Injury, an Insured suffers any one of the following specific Losses within 365 days from the date of the accident we will pay the Benefit Amount listed below. However, if more than one listed loss results from any one accident, we will only pay the largest applicable benefit as listed below.

| **LOSS** | **BENEFIT AMOUNT** |
|---|---|
| Loss of Life | the Insured's Principle Sum. |
| . . . | |

(Exhibit A, Policy, p. 12.0).

3

18. The Policy defines Injury as:

> accidental bodily injury to an Insured which is caused directly and independently of all other causes by accidental means and which occurs while the Insured's coverage under this policy is in forced.

(Exhibit A, Policy, p. 2.0).

19. Plaintiff, through counsel, filed an appeal of the April 23, 2015 denial, and on October 19, 2015, Defendant Reliance again denied the claim. A true and correct copy of Defendant Reliance's denial of October 19, 2015 is attached as Exhibit F. The letter which speaks for itself denies the claim based on the definition of "Injury" and exclusions in the Policy.

20. Defendant Reliance references the following exclusions in its denial letter of October 19, 2015:

### EXCLUSIONS

> This Policy does not cover any loss:
>
> (1) to which sickness, disease or myocardial infarction, including medical or surgical treatment thereof, is a contributing factor; or
>
> (2) caused by suicide, or intentionally self-inflicted injuries, or
>
> . . . .

(Exhibit E, October 19, 2015 denial letter, p. 2; see also Exhibit A, Policy, p. 20.0).

19. Defendant Reliance had the Decedent's records reviewed by Thomas Gill, M.D., Board-certified in forensic and anatomical pathology.

20. Dr. Gill opined that there is:

> [a] distinction between an underlying chronic disease and the self-ingestion of alcohol sufficient to result in a coma and the fatal depression of vital functions of respirations and cardiac activity sufficient to sustain nutrition and oxygen to the tissues as a separate act.

4

>That act is an overdose and if its fatal consequence is unintentional it is assigned the manner of death an "Accident". This cannot be the result of a natural disease process and in common approved practice should not be assigned the manner of death "Natural". Irregardless, the ingestion of alcohol was self-induced.

(Exhibit G, report of Thomas Gill, M.D., p. 3).

21. Despite Dr. Gill's agreement that the Decedent's death was an accident and his opinion that self-ingestion of alcohol is a separate act from alcoholism, Defendant Reliance states in its denial letter that:

>Moreover, it is apparent that his alcoholism was active at the time of his death, evidenced by his self-induced acute alcohol intoxication during the day(s) leading up to December 9, 2014, the date which he was discovered to have passed away. Moreover, it is a reasonable conclusion that Mr. Moore's death was the result of self-induced intoxication, as there is no evidence that another person was responsible for his alcohol-induced death.

(Exhibit F, October 19, 2015 denial letter, p. 4).

22. Defendants the Plan and/or Reliance wrongfully denied Plaintiff's claim for benefits, since Decedent's death was the result of an "Injury" and did not fall within any Policy exclusion.

23. Alternatively, the Policy contains ambiguous language in its definition of "Injury" and its stated "Exclusions". Based on these ambiguities, the Policy should have been read in favor of providing benefits to the Plaintiff.

24. The Plan is a fiduciary within the meaning of 29 U.S.C. §§1002(21) and 1102 in that it exercised discretionary authority or discretionary control respecting management of the Plan and/or exercise authority and control respecting management or disposition of its assets and/or had discretionary authority or discretionary responsibility in the administration of the Plan.

25. Reliance is a fiduciary within the meaning of 29 U.S.C. §§1002(21) and 1102 in that it exercised discretionary authority or discretionary control respecting management of the Plan

and/or exercise authority and control respecting management or disposition of its assets and/or had discretionary authority or discretionary responsibility in the administration of the Plan.

26. Defendants the Plan and/or Reliance engaged in fiduciary acts connected to the administration of the group disability policy and in making their determination about whether the Plaintiff was entitled to benefits under the terms of the Plan.

27. Defendants the Plan and/or Reliance breached their fiduciary duties set forth in ERISA §404, 29 U.S.C. §1104 by failing to act for the exclusive benefit of the Plaintiff as a beneficiary of Decedent/insured.

28. The Plaintiff has exhausted all administrative levels of appeal, and any further attempt to exhaust administrative remedies would be futile.

29. Defendants the Plan and/or Reliance operate under a structured conflict of interest in that they and/or it both funded and administered benefits under the Plan.

## COUNT I

### Declaratory Judgment

30. Plaintiff incorporates, by reference, the allegations in Paragraphs 1 through 29 as though the same were set forth herein at length.

31. Pursuant to the Policy, there was to be coverage for the Decedent/insured when the insured had an "Injury" which caused the insured to suffer a loss of life.

32. The term "Injury", as it is defined in the Policy, is ambiguous.

33. The term "Injury" is defined as meaning "accidental bodily injury", but "accidental bodily injury" is not further defined, nor is there any additional explanation to limit or restrict the term within the definition.

34. The term "Injury" is also defined as meaning an injury "caused directly and independently of all other causes by accidental means". The Policy neither defines "caused directly and independently of all other causes", nor "accidental means".

35. The definition of "Injury", as a whole, is subject to multiple interpretations.

36. When language in an insurance contract is ambiguous, it must be interpreted in favor of the insured.

37. The Decedent's death was found to be "accidental" by the coroner who performed the autopsy.

38. There was no evidence that the Decedent's death was by any means other than by accidental means, nor is there evidence that there was any other cause of his death other than acute alcohol intoxication.

39. Pursuant to the Policy Exclusions, there will not be coverage when the loss is "caused by suicide, or intentionally self-inflicted injuries". The term "intentionally self-inflicted injuries" is not defined, nor is there any additional explanation to limit or restrict the term within the Policy.

40. The use of the term "intentionally self-inflicted injuries" following the term "suicide" infers that the injuries must have occurred when the individual intentionally tried to kill himself or herself. Moreover, the term "intentionally" denotes a knowing and purposeful action by the insured causing an intended death.

41. There is no evidence that the Decedent was attempting to kill himself or that he was taking intentional and purposeful actions in an effort to kill himself or inflict injuries upon himself.

42. Because this exclusion contains ambiguous language, it should be interpreted in favor of the insured and, as such, it would not exclude coverage under the facts of this case.

43. Pursuant to the Policy Exclusions, there will not be coverage when the loss is one "to which sickness, disease or myocardial infarction, including medical or surgical treatment thereof, is a

contributing factor". The terms "sickness," "disease", and "contributing factor" are not defined nor is there any additional explanation to limit or restrict the terms within the Policy.

44. The use of language in Policy Exclusion (2) is subject to multiple interpretations and is ambiguous.

45. Plaintiff is seeking a declaration from this Honorable Court that under the Policy, Defendants the Plan and/or Reliance must provide the accidental death benefit to the Plaintiff Beneficiary.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter declaratory judgment in favor of the Plaintiff and order that Reco Equipment Inc Employee Welfare Benefit Plan and/or Reliance Standard Life Insurance Company is obligated to provide an accidental death benefit under the Policy at issue to the Plaintiff Beneficiary.

## COUNT II

### Denial of Benefits

46. Plaintiff incorporates, by reference, the allegations in Paragraphs 1 through 45 as though the same were set forth herein at length.

47. Pursuant to ERISA §502(a)(1)(b), 29 U.S.C. §1132 (a)(1)(b), Plaintiff is entitled to bring this action to recover benefits due her under the terms of the Plan and to enforce her rights as a beneficiary under the terms of the Plan.

48. Plaintiff submitted investigative reports and medical information confirming the accidental death of Decedent.

49. Defendants the Plan and/or Reliance breached their material obligations to provide the Decedent's beneficiary with an accidental death benefit under the Policy by failing to provide payment upon proof of loss by Plaintiff.

50. Defendants the Plan and/or Reliance breached their/its duty to provide the accidental death benefit by:

   (a) failing to provide payment of the accidental death benefit after Decedent's death and proof of loss was submitted;

   (b) denying the accidental death benefit coverage when the Policy's definition of "Injury" is ambiguous and fails to define "accidental bodily injury", "caused directly and independently of all other causes", and "accidental means", whereby creating a definition for "Injury" that has multiple interpretations;

   (c) in relying on an exclusion in the Policy to deny coverage which provides that there will not be coverage for losses "to which sickness, disease, or myocardial infarction, including medical or surgical treatment thereof, is a contributing factor" when such terms are ambiguous and lack definition or explanation within the Policy whereby creating an exclusion that is subject to multiple interpretations;

   (d) in relying on an exclusion in the Policy to deny coverage which provides that there will not be coverage for losses "to which sickness, disease, or myocardial infarction, including medical or surgical treatment thereof, is a contributing factor" when there is no evidence that any "sickness, disease or myocardial infarction" was a contributing factor to Decedent's death;

   (e) in relying on a Policy exclusion to deny coverage which provided that there would not be coverage for any loss "caused by suicide, or intentionally self-inflicted injuries" when such terms are ambiguous and lack definition or

    explanation within the Policy whereby creating an exclusion that is subject to multiple interpretations;

  (f) in denying coverage on the basis of a Policy exclusion which provides that there will not be coverage for any loss "caused by suicide, or intentionally self-inflicted injuries" when there was no evidence to show that Decedent's death was a result of suicide or intentionally self-inflicted injuries; and

  (g) in disregarding the findings of its own peer-review doctor who explained that an underlying chronic disease and the self-ingestion of alcohol are separate acts and that the act of ingestion of alcohol "is an overdose and its fatal consequence is unintentional".

51. Defendants the Plan and/or Reliance have been advised of Decedent's death and provided with proof of loss, including a police report, autopsy report and Certificate of Death. Defendants have been provided with a reasonable opportunity to evaluate Plaintiff's claim and pay Plaintiff benefits owed relating to Decedent's death.

52. Defendants' failure and refusal to pay Plaintiff the accidental death benefit is a breach of the insurance agreement and a violation of the Plan documents.

53. Due to Defendants' breach of contract and/or violation of Plan documents, Plaintiff suffered damages in the amount of the value of the benefits owed and all other such damages, as permitted.

WHEREFORE, pursuant to 29 U.S.C. §1132(a)(2) and (3) and (c)(1), Plaintiff respectfully requests equitable and legal relief to:

  (a) have the Court declare that Plaintiff is entitled to accidental death benefit relating to the death of the Decedent, plus interest;

(b) to place the Plaintiff in a position she would have been in had she been paid in full the amount of the accidental death benefit to which she is entitled, including, without limitation, interest, attorney fees and other losses resulting from the Defendants' breach;

(c) order that the Defendants pay costs of suit, including attorney fees and costs pursuant to 29 U.S.C. §1132(g); and

(d) award all such other and further relief as the Court deems just and proper.

## COUNT III

### Breach of Fiduciary Duty

54. Plaintiff incorporates, by reference, the allegations in Paragraphs 1 through 53 as though the same were set forth herein at length.

55. Defendants the Plan and/or Reliance are fiduciaries within the meaning of 29 U.S.C. §§1002(21) and 1102.

56. As fiduciaries, they were required to discharge their duties "solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries, and . . . in accordance with the documents and instruments governing the plan . . ." ERISA §404(a), 29 U.S.C. §1104(a).

57. Defendants the Plan and/or Reliance breached this fiduciary duty when they failed to act with the exclusive purpose of providing benefits to the Plaintiff, a beneficiary, and failed to act in accordance with the documents and instruments governing the plan.

WHEREFORE, pursuant to 29 U.S.C. §1132(a)(2) and (3) and (c)(1), Plaintiff respectfully requests equitable and legal relief to:

11

(f) to place the Plaintiff in a position she would have been in had she been paid in full the amount of the accidental death benefit to which she is entitled, including, without limitation, interest, attorney fees and other losses resulting from the Defendant's breach;

(g) order that the Defendant pay costs of suit, including attorney fees and costs pursuant to 29 U.S.C. §1132(g); and

(h) award all such other and further relief as the Court deems just and proper.

Respectfully submitted,

CAROSELLI BEACHLER McTIERNAN & COLEMAN, LLC

By: _____
John W. McTiernan
Pa. ID # 27702
jmctiernan@cbmclaw.com

20 Stanwix Street, 7th Floor
Pittsburgh, PA 15222
(412) 391-9860

*Counsel for Plaintiff*

**JURY TRIAL DEMANDED**.