IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. MOORE, *surviving spouse and beneficiary of Tynan Moore*, | ) ) |
| | ) Civil Action No. 16-1017 |
| Plaintiff, | ) Chief Judge Joy Flowers Conti |
| | ) Chief Magistrate Judge Maureen P. |
| v. | ) Kelly |
| | ) |
| RECO EQUIPMENT INC EMPLOYEE WELFARE | ) |
| BENEFIT PLAN, and RELIANCE STANDARD | ) Re: ECF Nos. 18, 22 |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM OPINION</u>

Conti, Chief District Judge.

Plaintiff Linda L. Moore ("Moore" or "Plaintiff"), surviving spouse and beneficiary of

Tynan Moore, filed objections (ECF No. 36) to the Report and Recommendation ("R&R") of the

magistrate judge dated April 3, 2017 (ECF No. 35).  Defendants Reco Equipment, Inc. Employee

Welfare Benefit Plan ("Reco") and Reliance Standard Life Insurance Co. ("Reliance") oppose

the objections and urge the court to adopt the R&R.  The objections are ripe for disposition.

This ERISA case involves Reliance's decision to deny benefits under Reco's employee

group accidental death policy after Tynan Moore was found dead of acute alcohol intoxication.

In a thorough, nineteen page R&R, the magistrate judge concluded that an "arbitrary and

capricious" standard of review applied because the policy gave Reliance discretion to determine

eligibility for benefits under the policy; Reliance's interpretation of the policy term "accidental

bodily injury . . . caused directly and independently of all other causes by accidental means" was

not arbitrary and capricious; substantial evidence in the record supported Reliance's conclusion

that Tynan Moore was an alcoholic and alcoholism was a contributing cause of his death; and

recommended that summary judgment be granted in favor of defendants.

Plaintiff asserts that the magistrate judge erred in the R&R by: (1) finding that Reliance's interpretation of the policy language was reasonable; (2) applying an incorrect "some evidence" standard in evaluating the factual record; and (3) concluding that alcoholism was causally related to Tynan Moore's death. The court will address each contention.

The magistrate judge properly analyzed Reliance's interpretation of the policy language. As explained in the R&R, and as conceded by Plaintiff, there is a circuit split about the meaning of the phrase "directly and independently of all other causes." Reliance applied the more literal interpretation adopted by the Sixth and Tenth Circuit Courts of Appeals, rather than the "substantial contribution" test adopted by the Fourth, Ninth and Eleventh Circuit Courts of Appeals. In light of the deferential standard of review, Reliance's adoption of the (slightly) minority position was not arbitrary and capricious.

The court rejects Plaintiff's assertion that the magistrate judge applied the wrong standard of review to the evidentiary record. Although she did use the phrase "at least some evidence" at page 15 of the R&R, perhaps imprecisely, it is clear from the entire R&R that the magistrate judge applied the correct "substantial evidence" standard. *See* R&R at 9 (discussing the "substantial evidence" standard and citing *Courson v. Bert Bell NFL Player Ret. Plan*, 214 F.3d 136, 142 (3d Cir. 2000)); R&R at 12 (explaining that to assess Reliance's reasoning, the court must consider the question: "was there substantial evidence to support Reliance's conclusion that Mr. Moore 'had a history of long-standing alcoholism' and that his alcoholism was a cause of his death?"); R&R at 14 (captioned "Substantial evidence to support Reliance's conclusions"); R&R at 17 (concluding that the evidence "considered as a whole, would cause a 'reasonable person to agree' that he was an alcoholic." (citing *Courson*)); R&R at 18 (noting that "there was

substantial evidence that Mr. Moore was an alcoholic"). The magistrate judge conducted a thorough and even-handed investigation of the evidentiary record. The court independently reviewed the record and finds that there is "substantial evidence" that Tynan Moore was an alcoholic.[1]

Finally, Plaintiff challenges the causal connection between Tynan Moore's alcoholism and death. Plaintiff contends that the independent medical report prepared by Dr. Thomas Gill establishes that Tynan Moore's overdose death was a "separate act" from his alleged alcoholism. The R&R acknowledged that "Dr. Gill's report could be read to undermine" the causal connection. R&R at 18. The magistrate judge, however, explained that it was reasonable for Reliance to conclude that Tynan Moore's alcoholism contributed to his death by acute alcohol intoxication, such that the death did not occur by accident "directly and independently of all other causes." *Id.* The magistrate judge reasoned that alcoholism is a chronic condition and that the circumstances surrounding Tynan Moore's death (with an extraordinarily high blood alcohol content of .502) "support the conclusion that he was still struggling with his addiction at the time of his death." R&R at 18. The magistrate judge pointed out that although the self-induced fatal overdose may have been an unintentional "accident," it does not mean that it was unrelated to Tynan Moore's alcoholism. The court agrees with this analysis.[2] *See Ablow v. Canada Life*

---

[1] Plaintiff is correct that the evidentiary record, on its face, does not establish that Antabuse is a drug used to treat alcoholism. (ECF No. 36 at 6-7). Antabuse was listed among Tynan Moore's prescribed medications. (ECF No. 19-2 at 66). It was appropriate for the magistrate judge to take judicial notice of the properties of a medication. *See Purkey v. Green*, 28 F. App'x 736, 742 n.4 (10th Cir. 2001).

[2] Although the magistrate judge decided the motions based on the "accident" arguments, she noted that the same rationale would apply to the policy's "sickness or disease" exclusion because Tynan's Moore's alcoholism was a disease that contributed to his death. R&R at 19 n.9. The court agrees with this alternative basis to grant summary judgment in favor of defendants. *See Klei v. Metroplitan Life Ins. Co.*, No. 91–CV–76942, 1992 WL 695749, at *11 (E.D. Mich. Oct. 30, 1992).

*Assurance* Co., No. 3:02-CV-300, 2003 WL 23325805, at *8 (D. Conn. Nov. 19, 2003) ("It is not necessary that the person ingesting the drugs know that death could result. If the person ingesting the drug has a general cognizance that the drugs could produce some injury, it is enough that there is some causal relation between the injury caused and the ultimate loss.") (citations omitted).  In summary, the court agrees with and adopts the reasoning in the R&R, as clarified in this opinion.

An appropriate order follows.


BY THE COURT:


/s/ Joy Flowers Conti
JOY FLOWERS CONTI
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA L. MOORE, *surviving spouse and beneficiary of Tynan Moore*, | ) |
| | ) Civil Action No. 16-1017 |
| Plaintiff, | ) Chief Judge Joy Flowers Conti |
| | ) Chief Magistrate Judge Maureen P. |
| v. | ) Kelly |
| | ) |
| RECO EQUIPMENT INC EMPLOYEE WELFARE | ) |
| BENEFIT PLAN, and RELIANCE STANDARD | ) Re: ECF Nos. 18, 22 |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 15th day of June, 2017, after plaintiff Linda L. Moore ("Plaintiff") filed

an action in the above-captioned case, and after cross-motions for summary judgment were filed

by the parties, and after a Report and Recommendation was filed by a magistrate judge giving

the parties until April 17, 2017, to file written objections thereto, and upon consideration of the

objections filed by plaintiff and the responses to the objections submitted by defendants Reco

Equipment, Inc. Employee Welfare Benefit Plan ("Reco") and Reliance Standard Life Insurance

Co. ("Reliance") (together, "Defendants"), and upon independent de novo review of the record,

and upon consideration of the Report and Recommendation, which is adopted as the opinion of

this court as supplemented by the accompanying memorandum opinion,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment (ECF No.

18) is GRANTED and Plaintiff's motion for summary judgment (ECF No. 22) is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as

provided in Federal Rule of Appellate Procedure 3, must be filed with the Clerk of Court, United

States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30)

days.

BY THE COURT:


/s/ Joy Flowers Conti
JOY FLOWERS CONTI
UNITED STATES DISTRICT JUDGE


cc:     Honorable Maureen P. Kelly
        Chief United States Magistrate Judge

        All Counsel of Record Via CM-ECF